UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | NO.  3:22-cr-141(OAW) |
| | : | |
| MARGARET BOISTURE | : | |
| | : | |

## ORDER GRANTING SENTENCE REDUCTION

**This action** is before the court upon Margaret Boisture's Motion to Reduce Sentence ("Motion").  ECF No. 48.  The court has reviewed the Motion, the supplement to the Presentence Investigation Report provided by the United States Probation Office, ECF No. 52, Mrs. Boisture's response to that supplement, ECF No. 55, the government's response to the Motion and the supplement, ECF No. 56, the sentencing transcript, ECF No. 47, and the record in this case.  The court is fully advised in the premises.  For the reasons discussed herein, the Motion is **GRANTED.**

Mrs. Boisture waived her right to be indicted on July 19, 2022, and at the same time she pleaded guilty (by way of a written plea agreement) to a one-count information charging her with wire fraud affecting a financial institution, a violation of § 1343 of Title 18 of the U.S. Code.  *See generally* ECF Nos. 3–4, 7.  The conduct giving rise to her conviction involved Mrs. Boisture using her positions as the Director of Administration and Financial Administrator for ZoneFlow Reactor Technologies LLC ("ZoneFlow") to unlawfully divert ZoneFlow's funds for her personal use.  ECF No. 7 at 10.  On January 20, 2023, the undersigned presided over the movant's sentencing hearing.  ECF No. 43. The court reviewed the facts of the case, the Presentence Investigation Report, the sentencing memoranda submitted by both parties, and the Sentencing Guidelines before

1

imposing a term of imprisonment.[1]  The court agreed with the parties that Mrs. Boisture's offense level was 20, and that she had no criminal history points, placing her in criminal history category One, which factors yielded a Guidelines range of 33 to 41 months' incarceration.  The court sentenced Mrs. Boisture to a term of imprisonment of 33 months, which was the shortest period recommended by the Guidelines.  ECF No. 44.

Since her sentencing, the Guidelines have been amended to include a new Section 4C1.1, which reduces by two the offense level of a defendant who has no criminal history points and whose offense does not involve certain aggravating factors.  This amendment (Amendment 821) is retroactive.  U.S.S.G. 1B1.10.

Mrs. Boisture now asserts that she is eligible for a reduction of her term of imprisonment pursuant to Amendment 821, and she asks the court to reduce her carceral sentence to what would be the bottom of the Guidelines range if she were to be sentenced today.  Probation and the government agree that Mrs. Boisture is eligible for the reduction.

Whether to apply a retroactive Guidelines amendment to a particular sentence is not a matter of routine or automation.  Rather, courts must arrive at two conclusions before reducing a sentence: first the court must find that a defendant is eligible for a reduction; and second, the court, in its discretion, must find that a reduction is merited.  *Dillon v. United States*, 560 U.S. 817, 826 (2010); U.S.S.G. 1B1.10.

The first inquiry is answered by application of the new Guidelines to the defendant's circumstances at the time of sentencing.  U.S.S.G. 1B1.10(b).  Here, this means determining whether Mrs. Boisture had any criminal history points (she did not),

---

[1] Mrs. Boisture's sentence also included supervised release, a fine, restitution, and the mandatory assessment, but these parts of her sentence are not at issue here.

and whether her offense involved any of several aggravating factors enumerated in the new section of the Guidelines (it did not).[2]  Thus, the court agrees with Probation and the government that Mrs. Boisture is eligible for a reduction in her carceral sentence.

Next, the court must evaluate the sentencing factors set out in 18 U.S.C. § 3553(a) to determine whether a reduction is warranted.  In assessing those factors, the court also may review a movant's conduct since their incarceration.

With respect to many of the sentencing factors, little has happened since the movant's incarceration that would alter the analysis employed at sentencing.  The court noted at sentencing that it found Mrs. Boisture's expression of remorse to be genuine and heartfelt, though it acknowledged that she had committed a serious crime, and that she had abused a position of trust not only to effect the embezzlement, but also to hide it.  And while Mrs. Boisture had made restitution in full to ZoneFlow, and had made payments toward restitution to the relevant banking institution (even bringing a check for $5,000 with her to sentencing), the court noted that she was uniquely able to do so, having a supportive husband whose relinquishment of stock options in ZoneFlow covered her restitution obligation to them.  The court also remarked that the financial status of the Boistures at the time of the crime was such that Mrs. Boisture's husband had not even detected the influx of over $700,000 in criminal proceeds.  Further, Mrs. Boisture suffered no lifestyle change despite having made a sizeable dent in her restitution obligation.

---

[2] There was some disagreement between the parties and Probation leading up to Mrs. Boisture's sentencing as to whether her conduct had caused substantial financial hardship, which is one of the aggravating factors that would preclude her from being eligible for a reduction in sentence under Amendment 821, but Probation ultimately agreed with the parties that Mrs. Boisture had not caused substantial financial hardship, and reflected that agreement in a supplement to the presentence investigation report, ECF No. 27, which report, as amended, the court adopted in full.  Therefore, there was no finding at sentencing that Mrs. Boisture had caused substantial financial hardship.

Should she recidivate in the future, the court noted that another company likely would not be able to recover in the same way that ZoneFlow ostensibly had recovered. However, the court also noted that Mrs. Boisture's compliance with the conditions of her presentencing release indicated that she likely would not recidivate in the future.

A review of Mrs. Boisture's conduct since her incarceration further exhibits a desire to move on from criminal behavior. Mrs. Boisture timely surrendered to the Bureau of Prisons in March 2023 and has since been incarcerated at a facility in Fort Worth, Texas (which, the court notes, is a significant distance from her family in Connecticut). She has not received any disciplinary citations since she surrendered to custody, and she has participated in a number of educational programs. Also, she has been assigned to several work details, and restitution payments have been made through her earnings and by contributions from her family. By this record, it appears that Mrs. Boisture has taken an active role in her rehabilitation and has accepted the consequences of her actions. Additionally, the court acknowledges the dismissal of Mrs. Boisture's state court cases.

The undersigned consciously employs measures that aim to avoid being unintentionally anchored[3] to the sentencing range recommended by the Guidelines, such as by carefully considering the order in which it reviews certain sentencing materials. Still, in the present case, the court imposed a sentence of thirty-three months in jail, followed by two years of supervised release, each of which was the lower boundary of the range recommended by the Guidelines at the time. In so doing, the court emphasized its duty

---

[3] *See* Adrian Furnham & Hua Chu Boo, A Literature Review of the Anchoring Effect, 40 J. of Socio-Economics 35 (2011), available at https://www.sciencedirect.com/science/article/abs/pii/S1053535710001411 [https://perma.cc/GR32-D4NU], (last visited Jan. 23, 2024); Piottr Bystranowski et al, Anchoring Effect in Legal Decision-Making: A Meta-Analysis, NIH: Nat'l Lib. Of Med., available at https://pubmed.ncbi.nlm.nih.gov/33734746/ [https://perma.cc/5289-E99F], (last visited Jan. 23, 2024).

to ensure both justice (considering fraudulent conduct as seriously as other forms of theft, while adhering to the statutory mandate that the court not impose a term of probation) and compassion (in considering Mrs. Boisture's complete history, and character). Amendment 821 is relevant to each of these concerns, because it allows the court to account not only for the extremity of the movant's conviction, but the singularity of it. Altogether, the court finds that Mrs. Boisture does warrant a reduction in sentence.

The parties and Probation agree that, if Mrs. Boisture were sentenced today, her criminal history category would still be One, but her offense level would be 18, and the Guidelines range for her offense would be 27–33 months' imprisonment.

Accordingly, it hereby is **ORDERED AND ADJUDGED** that the Motion is **GRANTED.** Effective as of February 1, 2024, Mrs. Boisture's carceral sentence is reduced to 27 months. All other aspects of the original sentence and the original judgment shall remain in effect, to include the below-Guidelines fine that since has been paid in full.

**IT IS SO ORDERED** at Hartford, Connecticut, this 23rd day of January, 2024.

                                                                       /s/
                                          OMAR A. WILLIAMS
                                          UNITED STATES DISTRICT JUDGE